UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JOSEPH LICATA,

                         Plaintiff,

      -against-

CPS (Child Protective Services), ALEX SABILLION
(own capacity), PATRICIA ALIGHT[1] (own capacity),
DEBRA MARY KAPLAN,

                        Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
17-CV-7549 (JMA)(GRB)

**AZRACK, District Judge:**

On December 27, 2017, pro se plaintiff Joseph Licata ("plaintiff") filed his third in forma pauperis complaint in this Court, pursuant to 42 U.S.C. §1983 ("Section 1983"), seeking to challenge, inter alia, determinations made in an underlying state court child custody case involving his estranged wife, Debra Mary Kaplan ("Kaplan").[2] In addition to Kaplan, the instant complaint names as defendants Child Protective Service ("CPS"), Alex Sabillion ("Sabillion"), and Patricia Alight ("Alight" and collectively, "defendants").

For the reasons that follow, the Court grants plaintiff's request to proceed in forma pauperis for the limited purpose of this Order and sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

---

[1] The Court notes that this defendant's sur name is spelled "Aight" in the caption of the complaint. However, it is spelled "Alight" throughout the body of the complaint. For clarity and consistency, the Court will use the latter spelling in this order.

[2] Plaintiff's earlier cases are 16-CV-2928 Licata v. Kaplan, et al. and 17-CV-2714 Licata v. Leff, et al. In a December 12, 2017 Memorandum and Order in 16-CV-2928 (ECF No. 22), plaintiff's applications to proceed in forma pauperis were granted and the cases were consolidated and dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii-iii).

1

## I.   BACKGROUND[3]

Plaintiff's sparse complaint, submitted on the Court's Section 1983 complaint form, is difficult to comprehend, is wholly conclusory, and does not include any factual allegations of conduct or inaction attributable to any of the defendants.   In the space on the form complaint that calls for the identification of the federal constitutional or statutory right that is being violated by state or local officials, plaintiff alleges "gender discrimination -- race/color/religion -- ADA violation."   (Compl. ¶ II. B.)   In its entirety, plaintiff's Statement of Claim alleges:

   A. Where did the events giving rise to your claim(s) occur? -- Suffolk County New York
      CPS -- withholding evidence and gender desrimination - -

   B. What date and approximate time did the events giving rise to your claim(s) occur?
      December 26 2017

   C. What are the facts underlying your claim(s)? (*For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?*)
      CPS---Gender discrimination obstructing evidence, retaliation, harassment, fraud
      Alex Sabillion --Gender desscrimination/conspiracy to commit fraud
      Patricia Alight - gender descrimination, falsified records
      Debra Mary Kaplan - conspiracy to commit fraud/with CPS

(Id. ¶ III. A-C.)

In the space on the form complaint that calls for a description of any claimed injuries, plaintiff alleges "pyschatric treatment for severe major depression and emotional distress, post tramtic stress disorder, hospitalization, daily suffering, permenetly on medications, trauma, permanent, permanent disability mental impairment."   (Id. ¶ IV.)   For relief, plaintiff seeks an

---

[3] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).   Excerpts from the complaint are reproduced here exactly as they appear in the originals.   Errors in spelling, punctuation, and grammar have not been corrected or noted.

"order for CPS to train there social workers for parental alienation and to have equality for both mother and farther - emotional distress - the basis is genderder descrimination -- ADA." (Id. ¶ V.)  Plaintiff also seeks:

> Patricia Alight $75,000 or for what the Court sees fair for conspiracy to commit fraud falsify records, emotional distress - - the basis is gender descrimination -- ADA.   Alex Sabillion - $75,000 or what the Court sees fair for gender descrimination, falsify records, emotional distress - the basis is gender descrimination -- ADA.   Debra Mary Kaplan - $75,000 for what the Court sees fair. Conspiracy to commit fraud with CPS, falsify report- the basis is gender discrimination -- ADA.

(Id.)

## II. DISCUSSION

### A. In Forma Pauperis Applications

Upon review of plaintiff's declarations in support of the applications to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence these actions without prepayment of the filing fees.  28 U.S.C. § 1915(a)(1).   Therefore, plaintiff's applications to proceed in forma pauperis are granted.

### B. Standard of Review

Pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).   The Court must dismiss the action as soon as it makes such a determination.

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).   In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as

3

raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

**C.     Section 1983**

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979);

4

Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). "To avoid sua sponte dismissal of a Section 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, *i.e.*, acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." Milan v. Wertheimer, 808 F.3d 961, 964 (2d Cir. 2015) (per curiam) (internal quotation marks and citation omitted).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010). Moreover, a plaintiff must allege that the individual's conduct challenged was "committed by a person acting under color of state law . . . ." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F. 3d 545, 547 (2d Cir. 1997)). Private actors may be considered to be acting under the color of state law for purposes of Section 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Id. at 323–24.

**1. Plaintiff Fails to State any Plausible Claims**

Plaintiff's conclusory allegations are clearly insufficient to state plausible claims against any of the defendants. Plaintiff's complaint does little more than identify various causes of action, and his conclusory allegations about alleged "withholding [of] evidence" and falsification of records are insufficient to state any plausible claims. Accordingly, all of plaintiff's claims are

5

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  As explained below, plaintiff's claims are also deficient on other grounds.

### 2. Claims Against Kaplan

Insofar as plaintiff seeks to sue Kaplan in her personal capacity, pursuant to Section 1983, such claims are implausible because Kaplan is a private party who does not act under color of state law.  As noted above, in order to state a Section 1983 claim, a plaintiff must allege, among other things, that the conduct challenged was "committed by a person acting under color of state law . . . ." Cornejo, 592 F.3d at 127.  Here, Kaplan is plaintiff's estranged wife and the mother of his children.[4]  Kaplan is a private actor, and there are no factual allegations in the complaint suggesting that Kaplan was a joint participant with a state actor or that Kaplan conspired with a state actor to deprive plaintiff of some constitutional right.  To state a plausible Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello, 292 F.3d at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)).  Notwithstanding plaintiff's conclusory claim that Kaplan conspired with CPS, wholly absent are any factual allegations alleged in support of such claim.  Thus, because Kaplan is a purely private individual who does not act under color of state law for purposes of Section 1983 liability, plaintiff's claims against Kaplan are implausible and are thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. Claims Against CPS

CPS is a non-suable entity because it is merely an administrative arm of the municipality, the County of Suffolk.  "Under New York law, departments that are merely administrative arms

---

[4] Although plaintiff does not identify who Kaplan is in the instant complaint, he has previously identified her in his earlier cases.

of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." See Rose v. Cnty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002); see also Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against the local police department because, as an "administrative arm of a municipality [, it] do[es] not have legal identity separate and apart from the municipality, and therefore, cannot sue or be sued."); Bey v. State of New York, 11-CV-3296, 2013 WL 3282277, at *5 (E.D.N.Y. June 25, 2013) (dismissing claims against Nassau County Child Protective Services because it "is an administrative arm of the County, and not an independent legal entity, it lacks the capacity to be sued") (citing Teitelbaum v. Katz, 12-CV-858, 2013 WL 563371, at *5 (S.D.N.Y. Feb. 11, 2013) (dismissing claims against Orange County Child Protective Services because it is not a suable entity). Therefore, plaintiff's claims against CPS are implausible and are thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.      Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and alterations omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint . . . ." Boddie v. N.Y. State Div. of Parole, 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)). Yet, "while *pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

7

Here, the Court has carefully considered whether plaintiff should be granted leave to further amend his complaint.  Given that this is plaintiff's third attempt to challenge a state court child custody dispute in this Court, together with the deficiencies in plaintiff's claims as set forth above, the Court declines to grant leave to file an amended complaint.  The glaring lack of factual allegations in the current complaint is particularly notable given that plaintiff filed this complaint a mere two weeks after his prior complaints were dismissed.  The December 12, 2017 order that dismissed his prior complaints placed plaintiff on notice about the applicable pleading standards and plaintiff's current complaint makes no attempt to state plausible claims under those standards.

Furthermore, all of plaintiff's claims related to child custody matters may also be barred by the "domestic relations exception" to federal subject matter jurisdiction, which "'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'"  Sobel v. Prudenti, 25 F. Supp. 3d 340, 353 (E.D.N.Y. 2014) (quoting Akenbrandt v. Richards, 504 U.S. 689, 703 (1992)).  While the domestic relations exception is "narrow," it "'applies generally to issues relating to the custody of minors," and may also apply to "to 'civil rights actions directed at challenging the results of domestic relations proceedings.'"  Id. (quoting Mitchell-Angel v. Cronin, No. 95-CV-7937, 1996 WL 107300, at *2 (2d Cir. Mar. 8, 1996)); see also Guichiardo v. Barrazza, No. 16-CV-1222, 2016 WL 3541547, at *3 (E.D.N.Y. Jun. 23, 2016) (applying the domestic relations exception where the plaintiff "style[d] some of her claims as raising constitutional issues, but the allegations stem from a state domestic relations matter . . . ."); cf. Ashmore v. Prus, 510 F. App'x 47, 49 (2d Cir. 2013) (declining to "address whether the domestic relations exception to federal subject matter jurisdiction applies to federal question actions").  While this matter has been styled as a Section 1983 action, in actuality, plaintiff appears to challenge determinations made concerning child custody and visitation in an

8

underlying state court proceeding.

The denial of leave to amend his complaint is without prejudice to plaintiff pursuing any valid claims he may have against the defendants in state court.

### E. Filing Injunction

The ability to litigate in forma pauperis is regarded as a privilege and may be denied if abused. In re Anderson, 511 U.S. 364 (1994); In re Sindram, 498 U.S. 177, 179-180 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny in forma pauperis status to those individuals who have abused the system."); Polanco v. Hopkins, 510 F.3d 152, 156 (2d Cir. 2007) (stating that the ability to proceed in forma pauperis "is not a constitutional right, but rather a congressionally created benefit") (internal quotation marks and citation omitted). The Second Circuit has long held that a district court not only has the authority, but also an obligation, to deny this benefit to a litigant who has demonstrated a history of filing frivolous and vexatious claims. In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.") (preliminary injunction), injunction made permanent, 795 F.2d 9, 12 (2d Cir. 1986), modified sub nom., Martin-Trigona v. Cohen, 876 F.2d 307, 308 (2d Cir. 1989). The Second Circuit has upheld the district court's authority to issue a filing injunction when a "plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) (internal quotations and citations omitted). However, it is the "[t]he unequivocal rule in this Circuit . . . that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard." Iwachiw v. New York State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir.

2005) (quoting Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998)).

Plaintiff's instant in forma pauperis complaint, together with those filed under docket numbers 16-CV-2829 and 17-CV-2714, make clear that plaintiff has unquestionably taxed the resources of this court because "[e]very paper [he has] filed with the Clerk of this Court, no matter how repetitious or frivolous, require[d] some portion of the institution's limited resources." In re McDonald, 489 U.S. 180, 184 (1989). The Court is especially cognizant of plaintiff's pro se status and has liberally considered his complaint. Nonetheless, the Court now warns plaintiff that similar, future complaints will not be tolerated. Given plaintiff's litigation history, the Court cautions plaintiff that, should he file another complaint relating to the custody of and/or visitation with his children, the Court will order plaintiff to show cause why a litigation bar should not be entered.

Finally, plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to pro se litigants, see Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and pro se litigants . . ."), and should he file another action relating to the custody of and/or visitation with his children, it is within the Court's authority to consider imposing sanctions upon him. See FED. R. CIV. P. 11; In re Martin-Trigona, 737 F.2d at 1262 (a district court has "the power and the obligation to protect the public and the efficient administration of justice from [a vexatious litigant's] litigious propensities"); Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) ("'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.'") (quoting Abdullah v. Gatto, 773 F.2d 487, 488 (2d Cir. 1985) (per curiam)).

### III. CONCLUSION

10

Plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons set forth above, the complaint is *sua sponte* dismissed with prejudice for failure to allege any plausible claims for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may pursue any valid state law claims that he may have against the defendants in state court.

Plaintiff is cautioned that, should he file another complaint in this Court relating to the custody of and/or visitation with his children, the Court will order plaintiff to show cause why a litigation bar should not be entered. Finally, plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to pro se litigants, and should he file another action relating to the custody of and/or visitation with his children, it is within the Court's authority to consider imposing sanctions upon him.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Memorandum & Order to plaintiff and to close this case.

**SO ORDERED.**                                    __/s/ (JMA)_____
                                                   Joan M. Azrack
Dated:  July 26, 2018                              United States District Judge
        Central Islip, New York